# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Warren Jones<br>Wendy Jones<br>   Debtors<br><br>Warren Jones<br>Wendy Jones<br>   Movants<br>v.<br>Community Loan Servicing, LLC<br>   Creditor<br>Ronda J. Winnecour<br>   Ch. 13 Trustee<br>   Respondents | Chapter 13<br><br>Bankruptcy Case:  21-22563-CMB<br><br>Judge: Carlota M. Bohm<br><br>Related Doc.: 11 |

## RESPONSE OF COMMUNITY LOAN SERVICING, LLC TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY UNDER SECTION 362(c)(3) OF THE BANKRUPTCY CODE

  AND NOW, Community Loan Servicing, LLC, ("*Creditor*"), through its Counsel, Stern & Eisenberg, PC, respectfully responds to Debtors' Motion to Extend the Automatic Stay Under Section 362(c)(3) of the Bankruptcy Code filed by Warren Jones and Wendy Jones ("*Debtors*") as follows:

1. Admitted.
2. Admitted.
3. Admitted except that Debtors' prior bankruptcy action was, "Dismissed for Other Reason".[1] By way of further response, even though Debtors were $4,400 delinquent at the time of dismissal,[2] the prior action was dismissed after this Honorable Court entered an Order granting Creditor relief from the automatic stay. *Compare* Doc. 110 to Doc 112 of 19-23483-CMB. Debtors' Schedule J[3] from that action indicates an excess monthly income of $2,650 whereas Debtors' monthly plan payment was only $700[4]. Debtors should have easily been able to spread their delinquency out through the remaining months of their plan, but

---

[1] A true and correct copy of the docket for Debtors' prior bankruptcy action is attached hereto as Exhibit "A" and is incorporated herein.
[2] A true and correct copy of the Trustee's Ledger for Debtors' prior bankruptcy action is attached hereto as Exhibit "B" and is incorporated herein.
[3] A true and correct copy of the Debtors' Schedule J from the 19-23483 case is attached hereto as Exhibit "C" and is incorporated herein.
[4] A true and correct copy of the Debtors' Amended Chapter 13 Plan dated 7/19/2020 is attached hereto as Exhibit "D" and is incorporated herein.

that was not the outcome of the 7/19/2021 Conciliation Conference. For this reason, and because the docket reflects that the case was "Dismissed for Other Reason", Creditor believes and therefore avers that it appears as though Debtors engineered a dismissal of the prior action by voluntarily allowing the Trustee to dismiss the case rather than seeking to have the arrearage incorporated into future plan payments. By doing so, Debtors gained the benefit of having the action dismissed without having to file a motion to dismiss the case themselves. Debtors' action or inaction should be considered tantamount to a request for voluntary dismissal pursuant to 11 U.S.C. §109(g)(2). In re Riddick, No. 08-00926-8-JRL, 2008 WL 2762261, at *1 (Bankr. E.D.N.C. July 14, 2008)(holding that a debtor who attempted to avoid 11 U.S.C. §109(g)(2) by engineering the dismissal of a prior bankruptcy action would nevertheless be subject to the 180-day filing bar as their actions contravened the intent of 11 U.S.C. §109(g)(2)). Creditor therefore believes that the appropriate relief here would not only be to deny Debtors' Motion, but also to dismiss the case at bar as it was filed within 180 days of Debtors' prior action. By way of even further response, it is important to note that the immediate bankruptcy action is Debtors' fourth filing within the past five years. Creditor believes that there is sufficient information to support a Motion for Relief pursuant to 11 U.S.C. §362(d)(4). In other actions where Creditor has not opposed a debtor's Motion to Extend the Automatic Stay and subsequently attempts to secure relief under 11 U.S.C. §362(d)(4), Creditor's requested relief has been denied as they failed to oppose debtor's Motion to Extend. Therefore, Creditor respectfully requests to retain the right to file a Motion for Relief under 11 U.S.C. §362(d)(4) regardless of the outcome of the instant proceeding.

4. Admitted.
5. Denied.
    a. Denied. By way of further response, Creditor incorporates its response to paragraph 3.
    b. Denied. By way of further response, as of the date of filing of this response, Debtor's have not filed sufficient information for Creditor to know whether there has been any change in Debtors' income.

WHEREFORE, Community Loan Servicing, LLC respectfully requests that Debtors' Motion to Extend the Automatic Stay Under Section 362(c)(3) of the Bankruptcy Code be denied.

STERN & EISENBERG, PC

Date: December 17, 2021

By: /s/ Daniel P. Jones
Daniel P. Jones, Esq.,
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com