# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Warren Jones<br>Wendy Jones<br>　　　　　Debtors<br><br>Warren Jones<br>Wendy Jones<br>　　　　　Movants<br>v.<br>Community Loan Servicing, LLC<br>　　　　　Creditor<br>Ronda J. Winnecour<br>　　　　　Ch. 13 Trustee<br>　　　　　Respondents | Chapter 13<br><br>Bankruptcy Case: 21-22563-CMB<br><br>Judge: Carlota M. Bohm<br><br>Related Doc.: 11 |

## CONSENT ORDER/STIPULATION SETTLING DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY UNDER SECTION 362(c)(3) OF THE BANKRUPTCY CODE

AND NOW, upon the Motion of Warren Jones and Wendy Jones ("***Debtors***") to Extend the Automatic Stay Under Section 362(c)(3) and upon the response of Community Loan Servicing, LLC, ("***Creditor***"), and the Parties agreeing to the entry of an Order settling the Motion and for cause shown, it is hereby ORDERED and DECREED as follows:

1. The Parties agree that the automatic stay pursuant to 11 U.S.C. §362(c)(3) should be extended.
2. Debtors shall timely remit all monthly plan payments to the Chapter 13 Trustee.
3. In the event Debtor fails to make two or more plan payments to the Chapter 13 Trustee on or before their due dates, Creditor, its successor in interest, and/or the Chapter 13 Trustee may file an Affidavit of Default
4. The failure by Creditor or the Chapter 13 Trustee, at any time, to file an Affidavit of Default, shall not be construed, nor shall such failure, act as a waiver of any party's rights hereunder.
5. Upon issuance of a Relief Order, the Parties hereto further agree that Creditor, and any assignee or successor in interest, may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.
6. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code,

    Debtor shall pay all pre-petition arrears and post-petition arrears on or before the first Chapter 7 meeting for Creditors. If Debtor fails to make payment in accordance with this paragraph then Creditor, through Counsel, may file an affidavit of default.

7. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Creditor.

8. Further, the Parties agree that this Stipulation shall not prevent or hinder Creditor's ability to file a motion for Relief under 11 U.S.C. §362(d)(4).

9. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

    By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/Daniel P. Jones
Daniel P. Jones, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
djones@sterneisenberg.com
Counsel for Creditor
Date: December 27, 2021

/s/Michael S. Geisler
Michael S. Geisler, Esq.
201 Penn Center Blvd.
Suite 524
Pittsburgh, PA 15235
Email: m.s.geisler@att.net
Counsel for Debtors

Date: 12/20/2021

/s/Owen Katz
Owen Katz, Esq.
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Email: cmecf@chapter13trusteewdpa.com
Chapter 13 Trustee

Date: December 22, 2021